*884 OPINION.
MaRQuette :
It is the contention of the petitioner that he purchased the tract of land in question with a view to farming it for profit and that he is entitled to deduct the operating expenses for the years 1920 and 1921 in computing his net income for those years. The respondent contends that the petitioner acquired the land for the purpose of using it as a duck-shooting preserve, and that after-wards he decided that if part of the land could be transformed into a farm it would be a more attractive place to go on his duck-shooting trips.
We can not agree with either the reasoning or conclusions of the respondent. If the petitioner purchased the tract of land as a duck-shooting preserve it is difficult to understand why he would, at a large expense, surround it with a levee designed to keep off the overflow of water and to cause it to dry out. One need not possess the erudition of an ornithologist or the experience of a nimrod to know that ducks, whether domesticated or ferae natwrae, are aquatic birds and are more at home on water than on dry land, and the petitioner must have been aware that in surrounding his land with a levee he was doing that which was obviously calculated to lessen its usefulness as a duck-shooting preserve.
The evidence establishes to our satisfaction that other land in the vicinity of the petitioner’s land had been reclaimed and brought to a state of agricultural usefulness, and that the petitioner, when he purchased the land in question, intended to and believed that he could reclaim it and make it profitable as a farm. He has testified to that effect and his actions in constructing buildings and levees, draining the land and plowing and cultivating it, are corroborative of his *885 expressed intentions. Certainly these actions are not in harmony with the theory that he acquired the land as a duck-shooting preserve. Whether he used poor judgment in purchasing the land with a view to farming it is none of our concern. It is sufficient that he acquired it for that purpose. The deduction claimed should be allowed.
The action of the respondent in taxing to the petitioner for the years 1920 and 1921 the entire income from the community property for these years is proper- and is approved. Appeal of D. Cerruti, 4 B. T. A. 682.
Judgment will be entered on 15 days’ notice, under Rule 50.
Considered by Phillips, Milliicen, and VaN Fossan.